EXECUTION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DE VITO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIQUID HOLDINGS GROUP, INC., BRIAN M. STORMS, KENNETH D. SHIFRIN, RICHARD SCHAEFFER, BRIAN FERDINAND, and SANDLER O'NEILL & PARTNERS, L.P.,<br><br>Defendants. | Civ. No. 15-6969 (KM) (JBC) |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Michael Sanders and Sidney R. Berger ("Lead Plaintiffs"), on behalf of themselves, and all other Settlement Class Members (defined below), on the one hand, and Brian M. Storms, Kenneth D. Shifrin, and Brian Ferdinand (collectively, "Defendants"), on the other.

**WHEREAS:**

A. All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶ 1 hereof entitled "Definitions."

B. In September 2015, a class action complaint was filed in the U.S. District Court for the District of New Jersey (the "Court") on behalf of investors in Liquid Holdings Group, Inc. ("Liquid" or the "Company"), entitled *De Vito v. Liquid Holdings Group, Inc.*, Civ. No. 15-6969 (KM) (JBC) (the "Action").

C. On January 27, 2016, Liquid filed a voluntary petition in the U.S. Bankruptcy Court for the District of Delaware, seeking relief under the provisions of Chapter 11 of the United States Bankruptcy Code, entitled *In re Liquid Holdings Group, Inc.*, Case No. 16-10202 (KG).

D. On June 30, 2017, Alfred T. Giuliano, as trustee for Liquid (the "Bankruptcy Trustee"), filed an adversary case against Defendants in the U.S. Bankruptcy Court for the District of Delaware, entitled *Giuliano v. Ferdinand*, *et al.*, Adv. Pro. No. 17-50662 (KG).

E. On April 7, 2016 the Court issued Orders in the Action: (i) appointing Michael Sanders and Sidney R. Berger as co-lead plaintiffs for the class; and (ii) appointing Levi & Korsinsky LLP ("Levi & Korsinsky") and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Co-Lead Counsel for the class ("Co-Lead Counsel") (Dkt. Nos. 37-38).

F. On July 22, 2016, co-lead plaintiffs filed an amended complaint. (Dkt. No. 68). All of the defendants named in that amended complaint filed motions to dismiss the amended complaint. (Dkt. Nos. 114-121). In response to the motions, plaintiffs filed a motion for leave to file a second amended complaint in which the claims against certain of the named defendants would be omitted. (Dkt. No. 135). In an order entered on July 14, 2017, the Court granted Plaintiffs' motion for leave to amend, and on July 27, 2017, Plaintiffs filed their second amended complaint. (Dkt. Nos. 144, 152). On September 27, 2017, all of the defendants named in the second amended complaint filed motions to dismiss. (Dkt. Nos. 155-160). Plaintiffs opposed the motions to dismiss. Following a telephonic hearing, the Court administratively terminated the motions to dismiss and directed Plaintiffs to file a motion for leave to file a further amended complaint.

G. The operative complaint in this Action is the Corrected Third Amended Class Action Complaint for Violation of the Federal Securities Laws, filed on May 11, 2018 ("the Complaint") (Dkt. No. 206). The Complaint alleges violations of Sections 11 and 15 of the

Securities Act of 1933 (the "Securities Act"), and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission ("SEC"), on behalf of a class of purchasers of the common stock of Liquid (i) in Liquid's initial public offering on July 26, 2013; and/or (ii) on the public market between July 26, 2013 and September 24, 2015, inclusive (the "Class Period"), who were damaged thereby.

H. On May 31, 2018, Defendants filed motions to dismiss the Complaint (Dkt. Nos. 207, 209, 210, 211), which Lead Plaintiffs opposed on June 21, 2018 (Dkt. No. 213). On July 11, 2018, Defendants filed reply briefs in further support of their motion (Dkt. Nos. 218, 219, 220, 221). On December 31, 2018, the Court granted in part and denied in part Defendants' motions to dismiss (Dkt. No. 224); the Court dismissed Lead Plaintiffs' claims pursuant to the Securities Act as well as pursuant to Rule 10b-5(a) and (c).

I. Discovery commenced, and both parties served their respective initial disclosures pursuant to Fed. R. Civ. P. 26(a).

J. Lead Plaintiffs and Defendants, along with the Bankruptcy Trustee and certain of the Former Defendants, engaged Michelle Yoshida, Esq. of Phillips ADR Enterprises, P.C., a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated joint resolution of the claims asserted in both actions. On March 5, 2019, those parties met with Ms. Yoshida in a full-day mediation session in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements. Although these discussions narrowed the differences between Lead Plaintiffs' and Defendants' positions, they did not result in a resolution of the Action.

K. Following the mediation, Lead Plaintiffs, the Bankruptcy Trustee, Defendants and certain of the Former Defendants continued negotiating through the mediator. The mediator, Ms. Yoshida, ultimately made a mediator's proposal to settle the cases. Lead Plaintiffs, the Bankruptcy Trustee, and Defendants all agreed to Ms. Yoshida's proposal to settle the cases and Lead Plaintiffs and Defendants reached an agreement in principle to settle the claims in this Action, resulting in execution of a Memorandum of Understanding dated September 23, 2019, and negotiation of this Stipulation of Settlement.

L. Lead Plaintiffs, through Co-Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) pleadings filed in other pending litigation naming certain Defendants herein as defendants or nominal defendants; (vi) documents produced by Defendants in connection with the mediation; and (vii) the applicable law governing the claims and potential defenses.

M. Defendants and the Former Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants and the Former Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiffs in the Action on behalf of the proposed class, including all claims in the Complaint. Nonetheless, Defendants have concluded that further litigation of the Action would be protracted and expensive, and that it is

desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action. Defendants have, therefore, determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

N. Lead Plaintiffs believe that the claims asserted in the Action have merit and that the information developed to date supports the claims asserted. However, Lead Plaintiffs and Co-Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. They also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Co-Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiffs and Co-Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of Lead Plaintiffs and the Settlement Class.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacks merit, and without any concession by the Defendants or the Former Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation (the "Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits described herein, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled,

released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

**DEFINITIONS**

1. As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definitions set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a) "Action" means the civil action captioned *De Vito v. Liquid Holdings Group, Inc.*, *et al.*, Civ. No. 15-6969 (KM) (JBC), pending in the U.S. District Court for the District of New Jersey before the Honorable Kevin McNulty.

(b) "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c) "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

(d) "Claims Administrator" means Strategic Claims Services. Subject to Court approval, Strategic Claims Services will provide all notices approved by the Court to Settlement Class Members, to process Proofs of Claim, and to administer the Settlement.

(e) "Class Period" means the period from July 26, 2013 through September 24, 2015, inclusive.

(f) "Co-Lead Counsel" means Levi & Korsinsky LLP and Cohen Milstein Sellers & Toll PLLC.

(g) "Defendants" means Brian M. Storms, Kenneth D. Shifrin, and Brian Ferdinand.

(h) "Defendants' Counsel" means the law firms of Petrillo Klein & Boxer LLP, Lankler Siffert & Wohl LLP, and Hoguet Newman Regal & Kenney, LLP.

(i) "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 35 below.

(j) "Escrow Account" means the separate escrow account at The Huntington National Bank, a national banking institution, established to receive the Settlement Amount for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(k) "Escrow Agent" means The Huntington National Bank.

(l) "Fee and Expense Application" means Co-Lead Counsel's application for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any expenses pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

(m) "Final," with respect to a court order, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a writ of *certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.

However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(n) "Former Defendants" means Liquid, Jay Bernstein, Darren Davy, David Francescani, Peter R. Kent, Walter Raquet, Thomas Ross, Richard Schaeffer, Victor Simone, Jr., Dennis Suskind, Allan Zavarro, Douglas J. Von Allmen, Robert D. Keller, and Sandler O'Neill & Partners, L.P.

(o) "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(p) "Lead Plaintiffs" means Michael Sanders and Sidney R. Berger.

(q) "Mediator" means Michelle Yoshida, Esq., of Phillips ADR Enterprises, P.C.

(r) "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(s) "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(t) "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the

Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(u) "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(v) "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(w) "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(x) "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(y) "Released Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common or foreign law, or any other law, whether class or

individual in nature, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint in the Action and that relate to the purchase of shares of Liquid common stock during the Class Period. For the avoidance of doubt, Released Claims do not include claims relating to the enforcement of the Settlement.

(z) "Released Defendant Parties" means Defendants, Defendants' Counsel, the Former Defendants, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; the spouses, members of the immediate families, representatives, and heirs of the Defendants or Former Defendants, as well as any trust of which any Defendant or Former Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant or Former Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants or the Former Defendants.

(aa) "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants or the Former Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

(bb) "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(cc) "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Co-Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(dd) "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(ee) "Settlement Amount" means the total principal amount of $4,062,500.00.

(ff) "Settlement Class" or "Settlement Class Member" means all persons and entities that purchased the common stock of Liquid (i) in Liquid's initial public offering on July 26, 2013; and/or (ii) on the public market between July 26, 2013 and September 24, 2015, inclusive, and who were damaged thereby. Excluded from the Settlement Class are: (i) Released Defendant Parties; (ii) the officers and directors of the Company, at all relevant times; (iii) members of their immediate families; and (iv) their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Person(s) that timely and validly seek exclusion from the Settlement Class.

(gg) "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(hh) "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(ii) "Stipulation" means this Stipulation and Agreement of Settlement.

(jj) "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(kk) "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(ll) "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other

Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2. The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final;

and (b) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

3. For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶ 1(ff); (ii) the appointment of Lead Plaintiffs as class representatives for the Settlement Class; and (iii) the appointment of Co-Lead Counsel as class counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g).

4. By operation of the Judgment or Alternative Judgment, as of the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

5. By operation of the Judgment or Alternative Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

6. In full settlement of the claims asserted in the Action and in consideration of the releases specified in ¶¶ 4-5, above, all of which the Parties agree are good and valuable consideration, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within fifteen (15) business days of the latter of: (1) permission from the bankruptcy court for the D&O insurers of Liquid Holdings, Inc. to pay necessary defense and settlement costs in the above-captioned matter; (2) an order preliminarily approving the Settlement; and (3) receipt by Defendants from Co-Lead Counsel of the information necessary to effectuate payment of funds to the Escrow Account, including but not limited to payee name and telephone number, wire transfer or check delivery instructions, payment address, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number. If the Settlement Amount is not deposited into the Escrow Account by such date, Lead Plaintiffs reserve the right to either (i) move to enforce the terms of this Settlement, including seeking interest on any unpaid amount or (ii) terminate the Settlement.

7. With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 6 and Defendants' obligation pursuant to ¶ 33, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Co-Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund,

distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

8. The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

9. The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 19-31 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in an interest-bearing account(s) that is fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

10. After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a "qualified settlement fund" within the meaning of

Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a) For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 10.

(b) All Taxes shall be paid out of the Settlement Fund. In all events, the Released Defendant Parties shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount nor the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority, nor any expenses associated therewith.

(c) Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 10.

11. This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND EXPENSES

12. Co-Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, including any earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund. Defendants shall take no position with respect to any Fee and Expense Application.

13. The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Co-Lead Counsel within three (3) calendar days after entry of the Order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof. Co-Lead Counsel shall allocate any Court-awarded attorneys' fees and expenses between themselves.

14. Any payment of attorneys' fees and expenses pursuant to ¶¶ 12-13 above shall be subject to Co-Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Co-Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

15. Defendants and the Former Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants or the Former Defendants for any award of attorneys' fees and expenses ordered by the Court.

16. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Co-Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the

Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation. Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 36 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

17. Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

18. Prior to the Effective Date, without further approval from Defendants or further order of the Court, Co-Lead Counsel may expend up to $100,000.00 from the Settlement Fund to pay Notice and Administration Expenses reasonably and actually incurred. Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Parties or order of the Court. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court. After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

19. The Claims Administrator, subject to such supervision and direction of Co-Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. Released Defendant Parties shall have no responsibility for (except as stated in ¶¶ 6 and 33 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims

Administrator, and shall have no liability to the Settlement Class in connection with such administration.

20. The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

21. Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 36 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. The Released Defendant Parties shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

22. Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

23. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial

distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit 501(c)(3) charitable organization serving the public interest designated by Lead Plaintiffs.

**ADMINISTRATION OF THE SETTLEMENT**

24. Any Settlement Class Member who fails timely to submit a valid Proof of Claim (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

25. Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Co-Lead Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim submitted. The Released Defendant Parties shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims. Co-Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

26. For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each claimant shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b) All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Co-Lead Counsel in its discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Co-Lead Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Party. A Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c) Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Co-Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d) Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the opportunity to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Co-Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e) If any claimant whose timely claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

27. Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class

Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

28. Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

29. All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

30. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in this section (*i.e.*, ¶¶ 24-31) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

31. No Person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

**TERMS OF THE PRELIMINARY APPROVAL ORDER**

32. Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Co-Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

**CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA") NOTICE**

33. Defendants shall serve any notice of the Settlement required pursuant to CAFA, 28 U.S.C. § 1715(b), within the time period set forth in said statute and shall, within five (5) business days after service of such CAFA Notice, certify to Co-Lead Counsel in writing that such service has been made. The Parties agree that they will request, pursuant to 28 U.S.C. § 1715(d), that the Settlement Hearing be scheduled for no earlier than ninety (90) days following the deadline for Defendants to serve the CAFA Notice as stated in this paragraph. The parties agree that any delay by Defendants in timely serving the CAFA Notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment or Alternative Judgment. Defendants shall be responsible for all costs and expenses related to the creation and service of the CAFA Notice.

**TERMS OF THE JUDGMENT**

34. If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

35. The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a) entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b) payment of the Settlement Amount into the Escrow Account;

(c) approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d) a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

36. Defendants, the Former Defendants, and Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it; (ii) the Court's Final refusal to approve this Stipulation in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it; (iii) the Court's Final refusal to enter (a) the Judgment in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it or (b) an Alternative Judgment that is acceptable to all Parties; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any

respect that the terminating Party reasonably and in good faith believes is materially adverse to it by a Final order of the Court, the U.S. Court of Appeals for the Third Circuit, or the Supreme Court of the United States. For the avoidance of doubt, Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation.

37. In addition to the foregoing, Defendants and the Former Defendants shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

(a) Simultaneously herewith, Defendants' Counsel and Co-Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Defendants and the Former Defendants shall have the sole option, which must be exercised unanimously, to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Released Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 43-45 which shall continue to apply.

38. The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the Notice, Co-Lead Counsel shall promptly, and certainly no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify counsel for the Released Defendant Parties of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

39. In addition to all of the rights and remedies that Lead Plaintiffs have under the terms of this Stipulation, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 6 above, by providing written notice of the election to terminate to all other Parties, and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

40. If, before the Settlement becomes Final, any Defendant files for protection under the U.S. Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed thereunder, and in the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Defendant and that Defendant and Lead Plaintiffs and the Settlement Class Members shall be restored to their litigation positions immediately prior to the date of this Stipulation. All releases and the Judgment or Alternative Judgment as to other

Defendants shall remain unaffected. Defendants each warrant, as to themselves and the payments made on their respective behalves, that, at the time of such payment, each will not be insolvent, nor will payment render each insolvent, within the meaning of and/or for the purposes of the U.S. Bankruptcy Code, including Sections 101 and 547 thereof.

41. If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 36-40 above: (i) none of Defendants, the Former Defendants, or Lead Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants, the Former Defendants or Lead Plaintiffs, as applicable.

42. With the exception of the provisions of ¶¶ 43-45 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to the date of this Stipulation; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation, shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants, the Former Defendants or the Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

43. In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s)

within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Co-Lead Counsel.

**NO ADMISSION**

44. Except as set forth in ¶ 45 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties, the Former Defendants, or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants or the Former Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or the Former Defendants with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants, the Former Defendants, or any other person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants or the Former Defendants as evidence of, a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants or the Former Defendants, or against or to the prejudice of Lead Plaintiffs or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs or the other Settlement Class Members;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, the Former Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, the Former Defendants, Lead Plaintiffs, other Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against Defendants, the Former Defendants, Lead Plaintiffs, or any other Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as, an admission, concession, or presumption against Lead Plaintiffs, or any other Settlement Class Member, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

45. Notwithstanding ¶ 44 above, the Released Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may also file this Stipulation and/or the Judgment or Alternative Judgment in

any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

46. All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, are material and integral parts hereof and are fully incorporated herein by this reference.

47. The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

48. This Stipulation, along with its exhibits, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Released Parties, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

49. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

50. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

51. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

52. This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

53. Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

54. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

55. All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information, shall survive this Stipulation.

56. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in .pdf format shall be deemed originals.

57. This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

58. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

59. The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New Jersey without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

60. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

61. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

62. The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of final approval of the Settlement and Co-Lead Counsel's Fee and Expense Application, and agree to promptly act upon and execute all such other documentation as reasonably may be required to obtain final approval by the Court of the Settlement.

63. If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶ 32 above, those disputes will be resolved by the Mediator first

by way of expedited telephonic mediation and, if unsuccessful, then by the Court, with the fees and expenses of the Mediator to be divided equally between Lead Plaintiffs on the one hand, and Defendants on the other.

64. Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of October 29, 2019.

**LEVI & KORSINSKY, LLP**

By: ______________________________

Eduard Korsinsky
Nicholas I. Porritt
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Attorneys for Co-Lead Plaintiff Michael Sanders and Co-Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: ______________________________

Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
D. Allen Dreschel
1100 New York Avenue N.W.
Suite 500, East Tower
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
Email: stoll@cohenmilstein.com
Email: dsommers@cohenmilstein.com

by way of expedited telephonic mediation and, if unsuccessful, then by the Court, with the fees and expenses of the Mediator to be divided equally between Lead Plaintiffs on the one hand, and Defendants on the other.

64. Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of October 29, 2019.

**LEVI & KORSINSKY, LLP**

By: ______________________________

Eduard Korsinsky
Nicholas I. Porritt
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Attorneys for Co-Lead Plaintiff Michael Sanders and Co-Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: ______________________________

Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
D. Allen Dreschel
1100 New York Avenue N.W.
Suite 500, East Tower
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
Email: stoll@cohenmilstein.com
Email: dsommers@cohenmilstein.com

Email: dbunch@cohenmilstein.com
Email: adreschel@cohenmilstein.com

*Attorneys for Co-Lead Plaintiff Sidney R. Berger and Co-Lead Counsel for the Class*

**HOGUET NEWMAN REGAL AND KENNEY, LLP**

By: ________________________________

John P. Curley
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, NY 10165
Tel.: (212) 689-8808
Fax: (212) 689-5101
Email: jcurley@hnrklaw.com

*Attorneys for Brian Ferdinand*

**PETRILLO KLEIN AND BOXER, LLP**

By: ________________________________

Joshua Klein
655 Third Avenue, #22
New York, NY 10017
Tel.: (212) 370-0330
Email: jklein@pkbllp.com

*Attorneys for Brian Storms*

**LANKLER SIFFERT AND WOHL, LLP**

By: ________________________________

Jillian Berman
500 5th Avenue, #34
New York, NY 10110
Tel.: (212) 921-8399
Email: jberman@lswl.com

*Attorneys for Kenneth Shifrin*

Email: dbunch@cohenmilstein.com
Email: adreschel@cohenmilstein.com

*Attorneys for Co-Lead Plaintiff Sidney R. Berger and Co-Lead Counsel for the Class*

**HOGUET NEWMAN REGAL AND KENNEY, LLP**

By: ______________________________

John P. Curley
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, NY 10165
Tel.: (212) 689-8808
Fax: (212) 689-5101
Email: jcurley@hnrklaw.com

*Attorneys for Brian Ferdinand*

**PETRILLO KLEIN AND BOXER, LLP**

By: ______________________________

Joshua Klein
655 Third Avenue, #22
New York, NY 10017
Tel.: (212) 370-0330
Email: jklein@pkbllp.com

*Attorneys for Brian Storms*

**LANKLER SIFFERT AND WOHL, LLP**

By: ______________________________

Jillian Berman
500 5th Avenue, #34
New York, NY 10110
Tel.: (212) 921-8399
Email: jberman@lswl.com

*Attorneys for Kenneth Shifrin*

Email: dbunch@cohenmilstein.com
Email: adreschel@cohenmilstein.com

*Attorneys for Co-Lead Plaintiff Sidney R. Berger and Co-Lead Counsel for the Class*

**HOGUET NEWMAN REGAL AND KENNEY, LLP**

By: ______________________________
John P. Curley
One Grand Central Place
60 East 42nd Street, 48th Floor
New York, NY 10165
Tel.: (212) 689-8808
Fax: (212) 689-5101
Email: jcurley@hnrklaw.com

*Attorneys for Brian Ferdinand*

**PETRILLO KLEIN AND BOXER, LLP**

By: ______________________________
Joshua Klein
655 Third Avenue, #22
New York, NY 10017
Tel.: (212) 370-0330
Email: jklein@pkbllp.com

*Attorneys for Brian Storms*

**LANKLER SIFFERT AND WOHL, LLP**

By: ______________________________
Jillian Berman
500 5th Avenue, #34
New York, NY 10110
Tel.: (212) 921-8399
Email: jberman@~~lswl.com~~ lswlaw.com JBB

*Attorneys for Kenneth Shifrin*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DE VITO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIQUID HOLDINGS GROUP, INC., BRIAN M. STORMS, KENNETH D. SHIFRIN, RICHARD SCHAEFFER, BRIAN FERDINAND, and SANDLER O'NEILL & PARTNERS, L.P.,<br><br>Defendants. | Civ. No. 15- 6969 (KM) (JBC) |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of October 29, 2019, Michael Sanders and Sidney R. Berger ("Lead Plaintiffs"), on behalf of themselves, and all other Settlement Class Members, on the one hand, and Brian Storms, Kenneth D. Shifrin, and Brian Ferdinand, on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Corrected Third Amended Class Action Complaint for Violation of the Federal Securities Laws, filed on May 11, 2018, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _______ day of ____________, 2019 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate to all Settlement Class Members, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of: all persons and entities that purchased the common stock of Liquid Holdings Group, Inc. ("Liquid" or the "Company") (i) in Liquid's initial public offering on July 26, 2013; and/or (ii) on the public market between July 26, 2013 and September 24, 2015, inclusive, and who were damaged thereby. Excluded from the Settlement Class are: (i) the Released Defendant Parties; (ii) the officers and directors of the Company, at all relevant times; (iii) members of their immediate families; and (iv) their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Person(s) that timely and validly seek exclusion from the Settlement Class.

3. The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Lead Plaintiffs are typical of the Settlement Class Members' claims;

(d) Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Michael Sanders and Sidney R. Berger are preliminarily certified as class representatives for the Settlement Class. The law firms of Levi & Korsinsky, LLP and Cohen Milstein Sellers & Toll PLLC are preliminarily appointed class counsel for the Settlement Class.

5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on ________________, 2020, at __:____ _.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as class representatives for the Settlement Class; and whether the law firms of Levi & Korsinsky, LLP and Cohen Milstein Sellers & Toll PLLC should be finally appointed as class counsel for the Settlement Class;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Co-Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to Settlement Class Members.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim") (collectively, the "Notice and Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8. The Court approves the retention of Strategic Claims Services as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.

9. The Claims Administrator shall use reasonable efforts to give notice by letter to nominee purchasers such as brokerage firms and other persons or entities who purchased shares of common stock of Liquid during the Class Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices and Proofs of Claim from the Claims Administrator forward

them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the letter, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominees who elect to send the Notice and Proof of Claim to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.70, which would include postage at the pre-sort rate used by the Claims Administrator, per Notice and Proof of Claim actually mailed or $0.10 per name and address provided to the Claims Administrator.

10. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Co-Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of

the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process; constitute the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court order or by Co-Lead Counsel in its discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b) The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting

documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14. Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

15. Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *De Vito v. Liquid Holdings Group, Inc.*, *et al.*, Civ. No.

15-6969 (KM) (JBC)," and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and/or sales of Liquid common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received, on or before twenty-one (21) calendar days before the Settlement Hearing, by Co-Lead Counsel: Nicholas I. Porritt, Esq., Levi & Korsinsky, LLP, 1101 30th St. N.W., Suite 115, Washington, DC 20007, (202) 524-4290; and Steven J. Toll, Esq., Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave. N.W., Suite 500, East Tower, Washington, DC 20005, (202) 408-4600; and Defendants' Counsel: John P. Curley, Hoguet Newman Regal and Kenney, LLP, One Grand Central Place, 60 East 42nd Street, 48th Floor, New York, NY 10165; Joshua Klein, Petrillo Klein and Boxer, LLP, 655 Third Avenue, #22, New York, NY 10017; and Jillian Berman, Lankler Siffert and Wohl, LLP, 500 5th Avenue, #34, New York, NY 10110; and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the District of New Jersey, United States Courthouse, 50 Walnut St., Room 4015, Newark, NJ 07101. Any

Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

20. As provided in the Stipulation, prior to the Effective Date, Co-Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $100,000.00 without further approval from Defendants and without further order of the Court.

21. All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Settlement Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Co-Lead Counsel or Lead Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties

shall be deemed to have reverted to their respective litigation positions in the Action as of the date of the Stipulation.

26. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _______ day of ______________, 2019.

BY THE COURT:

______________________________
THE HONORABLE KEVIN MCNULTY
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DE VITO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIQUID HOLDINGS GROUP, INC., BRIAN M. STORMS, KENNETH D. SHIFRIN, RICHARD SCHAEFFER, BRIAN FERDINAND, and SANDLER O'NEILL & PARTNERS, L.P.,<br><br>Defendants. | Civ. No. 15-6969 (KM) (JBC) |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**If you purchased shares of common stock of Liquid Holdings Group, Inc. ("Liquid" or the "Company") (i) in Liquid's initial public offering on July 26, 2013; and/or (ii) on the public market between July 26, 2013 and September 24, 2015, inclusive (the "Class Period"), and were damaged thereby, you may be entitled to a payment from a class action settlement.**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

- The purpose of this Notice is to inform you of: (i) the pendency of the above-captioned securities class action (the "Action"); (ii) the proposed settlement of the Action (the "Settlement") on the terms and conditions provided for in the Stipulation and Agreement of Settlement, dated October 29, 2019 (the "Stipulation");[1] and (iii) the hearing to be held by the Court (the "Settlement Hearing"). At the Settlement Hearing, the Court will consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the net proceeds of the Settlement to eligible Settlement Class Members (the "Plan of Allocation") should be approved; (iii) Co-Lead Counsel's Fee and Expense Application; and (iv) certain other matters. Please read this Notice carefully. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.[2]

- If approved by the Court, the Settlement will create a $4,062,500 cash fund, plus any interest earned thereon, for the benefit of eligible Settlement Class Members, less any

[1] The Stipulation can be viewed at www.___________.com.

[2] All capitalized terms not otherwise defined in this Notice have the same meanings as defined in the Stipulation.

attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Co-Lead Plaintiffs Michael Sanders and Sidney R. Berger ("Lead Plaintiffs"), on behalf of themselves, which have been asserted on behalf of the Settlement Class against Brian Storms, Kenneth D. Shifrin, and Brian Ferdinand (collectively, "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible Settlement Class Members; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR RECEIVED NO LATER THAN _______, 2020** | The only way to be eligible to receive a payment from the Net Settlement Fund. |
| **EXCLUDE YOURSELF BY SUBMITTING A WRITTEN REQUEST SO THAT IT IS RECEIVED NO LATER THAN _______, 2020** | This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims. If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund. *See* Question 11 below for details. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN _______, 2020** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application. If you object, you will still be a Settlement Class Member. *See* Question 15 below for details. |
| **GO TO A HEARING ON _______, 2019 AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN _______, 2020** | Ask to speak in Court about the Settlement. If you submit an objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak in Court about your objection. *See* Question 19 below for details. |
| **DO NOTHING** | You will not be eligible to receive a payment from the Net Settlement Fund, you will give up rights, and you will still be bound by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1. Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $4,062,500 (the "Settlement Amount") to be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation. The proposed Plan of Allocation is set forth on pages __-__ below.

**Estimate of Average Amount of Recovery Per Share**

2. Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Liquid common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, Lead Plaintiffs estimate that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.0586 per damaged share.[3] If the Court approves the maximum amount of attorneys' fees and litigation expenses that may be requested by Co-Lead Counsel (discussed below), the average recovery would be approximately $0.038 per damaged share. **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased shares of Liquid common stock during the Class Period; and (iv) whether and when the Settlement Class Member sold shares

[3] A damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that incurred damages.

of Liquid common stock. *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case**

3. The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Liquid common stock were allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors such as general market, economic, and industry conditions influenced the trading prices of Liquid common stock during the Class Period.

4. Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions. While Lead Plaintiffs believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5. Co-Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed one-third of the Settlement Fund, which includes any accrued interest. Co-Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $75,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to

their representation of the Settlement Class. If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.02 per damaged share of Liquid common stock.

**Reasons for the Settlement**

6. For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the uncertainty inherent in the Parties' competing theories of liability and damages; the risks of litigation, especially in complex actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

7. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

8. Lead Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, Nicholas I. Porritt, Esq., Levi & Korsinsky, LLP, 1101 30th St. N.W., Suite 115, Washington, DC 20007, (202) 524-4290; and Steven J. Toll, Esq., Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave. N.W., Suite 500, East Tower, Washington, DC 20005, (202) 408-4600.

9. Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Strategic Claims Services, 600 N. Jackson Street, Suite 205, P.O. Box 230, Media, PA 19063, info@strategicclaims.net, toll-free (866) 274-4004, fax (610) 565-7985, www.strategicclaims.net; or Co-Lead Counsel.

**Please Do Not Call the Court with Questions About the Settlement**

[END OF PSLRA COVER PAGE]

**BASIC INFORMATION**

**1. Why did I get this Notice?**

10. The Court authorized that this Notice be sent to you because you or someone in your family, or an investment account for which you serve as a custodian, may have purchased shares of Liquid common stock in Liquid's initial public offering on July 26, 2013 and/or on the public market between July 26, 2013 and September 24, 2015, inclusive. **Please Note: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice and supporting documents, as explained in the Claim Form. *See* Question 8 below.**

11. The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, including whether or not to object or exclude themselves from the Settlement Class, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

12. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

13. The Court in charge of the Action is the United States District Court for the District of New Jersey, and the case is known as *De Vito v. Liquid Holdings Group, Inc.*, *et al.*, Civ. No. 15-6969 (KM) (JBC). The Action is assigned to the Honorable Kevin McNulty, United States District Judge.

**2. What is this case about?**

14. This is a federal securities class action on behalf of a class consisting of all persons and entities who purchased shares of Liquid common stock (i) in Liquid's initial public offering on July 26, 2013; and/or (ii) on the public market between July 26, 2013 and September 24, 2015, inclusive (the "Class Period"), seeking to recover damages for violations of the federal securities laws under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against Defendants.

15. Specifically, Lead Plaintiffs allege that Defendants made materially false and misleading statements relating to the creation of and operations of Liquid, and relating to certain related party transactions and revenue Liquid had supposedly been receiving and/or expecting to receive from its largest customer, QuantX Management LLP.

16. Lead Plaintiffs contend that Defendants made these materially false and misleading statements with actual knowledge or deliberate recklessness. Lead Plaintiffs further assert that as a result of Defendants' misrepresentations, Liquid's stock price was inflated during the Class Period. Lead Plaintiffs claim that as a result of the inflated stock price, the Settlement Class Members were harmed when the truth about the above statements was revealed to the market.

17. In March 2019, the Parties engaged Michelle Yoshida, Esq., of Phillips ADR Enterprises, P.C., a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the claims in the Action. The Parties participated in a full-day mediation session before Ms. Yoshida in an attempt to reach a settlement. In advance of the mediation, the Parties exchanged mediation statements, which addressed the issues of both liability and damages. Although the Parties were unable to reach an agreement at that time, following the

mediation, the Parties continued to engage in arm's-length efforts to reach a resolution, and ultimately reached an agreement-in-principle to settle the Action on August 1, 2019.

18. On September 23, 2019, the Parties executed a Memorandum of Understanding, and on October 29, 2019, the Parties executed the Stipulation, which sets forth the final terms and conditions of the Settlement.

19. Lead Plaintiffs, through Co-Lead Counsel, have conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the Securities and Exchange Commission; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; (v) pleadings filed in other pending litigations naming certain Defendants herein as defendants or nominal defendants; (vi) documents produced by Defendants in connection with the mediation; and (vii) the applicable law governing the claims and potential defenses. Co-Lead Counsel also interviewed former Liquid employees and other persons with relevant knowledge, and consulted with experts on valuation, damages, and loss causation issues.

**3. Why is this a class action?**

20. In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves from, or "opt-out" of, the class. In this Action, the Court has

appointed Michael Sanders and Sidney R. Berger to serve as Lead Plaintiffs and has appointed Levi & Korsinsky, LLP and Cohen Milstein Sellers & Toll PLLC to serve as Co-Lead Counsel.

**4. What are the reasons for the Settlement?**

21. The Court did not finally decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement.

22. Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit. Lead Plaintiffs and Co-Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims in the Action through trial and appeals, as well as the difficulties in establishing liability. For example, Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that they did not make false and misleading statements in violation of the Securities Act or Exchange Act, and that Lead Plaintiffs would not be able to establish that Defendants acted with the requisite intent. Even assuming Lead Plaintiffs could establish liability, the amount of damages that could be attributed to the allegedly false and misleading statements would also be hotly contested. In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is a risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiffs and the Settlement Class. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

23. Defendants have denied and continue to deny any wrongdoing and deny that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any Settlement Class Member has suffered damages; that the price of Liquid common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or

otherwise; or that Settlement Class Members were harmed by the conduct alleged in the Complaint. Nonetheless, Defendants have concluded that continuation of the Action would be protracted, time-consuming and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action, and believe that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHO IS IN THE SETTLEMENT

### 5. How do I know whether I am part of the Settlement Class?

24. To be eligible for a payment from the proceeds of the Settlement, you must be a Settlement Class Member. The Court has directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):

> ***All persons and entities that purchased shares of Liquid common stock (i) in Liquid's initial public offering on July 26, 2013; and/or (ii) on the public market between July 26, 2013 and September 24, 2015, inclusive, and who were allegedly damaged thereby.***

25. If one of your mutual funds purchased Liquid common stock during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you individually purchased shares of Liquid common stock during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases.

**6. Are there exceptions to being included?**

26. Yes. There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) the Released Defendant Parties; (ii) the officers and directors of the Company, at all relevant times; (iii) members of their immediate families; and (iv) their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Person(s) that timely and validly seek exclusion from the Settlement Class in accordance with the procedures described in Question 11 below.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

**7. What does the Settlement provide?**

27. In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 10 below), Defendants have agreed to pay or cause to be paid a $4,062,500 payment, which, along with any interest earned on this amount, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund") among all Settlement Class Members who submit valid Claim Forms and are found by the Court to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**8. How can I receive a payment?**

28. To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. If you did not receive a Claim Form, you can obtain one from the Claims Administrator's website at www.strategicclaims.net, or from Co-Lead Counsel's websites: www.zlk.com and www.cohenmilstein.com. You can also

request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004, sending a fax to (610) 565-7985, or emailing info@strategicclaims.net.

29. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or received no later than ________________________, 2020.**

**9. When will I receive my payment?**

30. The Court will hold a Settlement Hearing on **_____________, 2020** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

**10. What am I giving up to receive a payment or stay in the Settlement Class?**

31. If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a) **"Released Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common or foreign law, or any other law, whether class or individual in nature, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any complaint in the Action and that relate to the purchase of shares of Liquid

common stock during the Class Period. For the avoidance of doubt, Released Claims do not include claims relating to the enforcement of the Settlement.

(b) **"Released Defendant Parties"** means Defendants, Defendants' Counsel, the Former Defendants, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; the spouses, members of the immediate families, representatives, and heirs of the Defendants or Former Defendants, as well as any trust of which any Defendant or Former Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant or Former Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants or the Former Defendants.

(c) "**Unknown Claims**" means any and all Released Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United

States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

32. The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a Settlement Class Member, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

33. Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

34. If you do not want to be eligible to receive a payment from the Settlement and you do not want to release the Released Claims against the Released Defendant Parties, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out."

| **11. How do I exclude myself from the Settlement Class?** |
|---|

35. To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *De Vito v. Liquid Holdings Group, Inc.*, *et al.*, Civ. No. 15-6969 (KM) (JBC)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also state: (i) the name, address, and telephone number of the person or entity requesting exclusion; (ii) the number of shares of Liquid common stock purchased and/or sold during the Class Period, as well as the date, number of shares and price per share of each such purchase and/or sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be submitted so that it is **received by the Claims Administrator no later than _________, 2020**, at:

*Liquid Holdings Group, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
P.O. Box 230
Media, PA 19063

**Your exclusion request must comply with these requirements in order to be valid.**

36. If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because

you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future. If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

**12. If I exclude myself, can I get money from the proposed Settlement?**

37. No. If you exclude yourself, you are no longer a Settlement Class Member, so do not send in a Claim Form to ask for any money.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

38. The Court appointed the law firms of Levi & Korsinsky, LLP and Cohen Milstein Sellers & Toll PLLC to represent all Settlement Class Members. These lawyers are called "Co-Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of Co-Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14. How will the lawyers be paid?**

39. Co-Lead Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work. Co-Lead Counsel will ask the Court to award them attorneys' fees of no more than one-third of the Settlement Fund, which will include any accrued interest. Co-Lead Counsel will also seek payment of litigation expenses incurred in the prosecution of the Action not to exceed $75,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class. As explained above, any

attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

### 15. How do I tell the Court that I do not like something about the proposed Settlement?

40. If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Co-Lead Counsel's Fee and Expense Application. You may give reasons why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

41. To object, you must send a signed letter stating that you object to the proposed Settlement in "*De Vito v. Liquid Holdings Group, Inc.*, *et al.*, Civ. No. 15-6969 (KM) (JBC)." The objection must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Liquid common stock purchased and/or sold during the Class Period, as well as the date, number of shares, and price per share of each such purchase and/or sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court **no later than _______________, 2020** **and** mailed or

delivered to the following counsel so that it is **received no later than __________________, 2020:**

| **Court** | **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>District of New Jersey<br>Martin Luther King, Jr.<br>Federal Courthouse<br>50 Walnut St.<br>Newark, NJ 07102 | **Levi & Korsinsky LLP**<br>Nicholas I. Porritt, Esq.<br>1101 30th St. N.W.<br>Suite 115<br>Washington, DC 20007<br><br>**Cohen Milstein Sellers & Toll PLLC**<br>Steven J. Toll, Esq.<br>1100 New York Ave. N.W.<br>Suite 500, East Tower<br>Washington, DC 20005 | **Hoguet Newman Regal and Kenney, LLP**<br>John P. Curley<br>One Grand Central Place<br>60 East 42nd Street, 48th Floor<br>New York, NY 10165<br><br>**Petrillo Klein and Boxer, LLP**<br>Joshua Klein<br>655 Third Avenue, #22<br>New York, NY 10017<br><br>**Lankler Siffert and Wohl, LLP**<br>Jillian Berman<br>500 5th Avenue, #34<br>New York, NY 10110 |

42. You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has not submitted a request for exclusion and who has complied with the procedures described in this Question 15 and below in Question 19 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, about their objection. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

### 16. What is the difference between objecting and seeking exclusion?

43. Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Co-Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If

you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**17. When and where will the Court decide whether to approve the proposed Settlement?**

44. The Court will hold the Settlement Hearing on **___________, 2020 at ____ _.m.**, in Courtroom ____ at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Courthouse, 50 Walnut St., Newark, NJ 07102.

45. At this hearing, the Court will consider, among other things, whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Lead Counsel for an award of attorneys' fees and payment of litigation expenses, including those of Lead Plaintiffs, is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above. We do not know how long it will take the Court to make these decisions.

46. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel or visit the settlement website, www.________.com, beforehand to be sure that the hearing date and/or time has not changed.

**18. Do I have to come to the Settlement Hearing?**

47. No. Co-Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she

must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____________, 2020**.

**19. May I speak at the Settlement Hearing?**

48. You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 15), **no later than _________ __, 2020,** a statement that you, or your attorney, intend to appear in "*De Vito v. Liquid Holdings Group, Inc.*, *et al.*, Civ. No. 15-6969 (KM) (JBC)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 15 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

**IF YOU DO NOTHING**

**20. What happens if I do nothing at all?**

49. If you do nothing and you are a Settlement Class Member, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

**GETTING MORE INFORMATION**

**21. Are there more details about the Settlement?**

50. This Notice summarizes the proposed Settlement. More details are contained in the Stipulation. You may review the Stipulation filed with the Court and other documents in the case during business hours at the Office of the Clerk of the United States District Court for the District

of New Jersey at the Martin Luther King Building and U.S. Courthouse, 50 Walnut St., Newark, NJ 07101. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's online Case Management/Electronic Case Filing System at https://www.pacer.gov.

51. You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the case and Settlement by visiting the website dedicated to the Settlement, www._________.com, where you will find answers to common questions about the Settlement and can download copies of the Stipulation or Claim Form. You may also call the Claims Administrator toll-free at (866) 274-4004, send a fax to (610) 565-7985, email info@strategicclaims.net, or write to the Claims Administrator at *Liquid Holdings Group, Inc. Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, P.O. Box 230, Media, PA 19063. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**22. How will my claim be calculated?**

52. As discussed above, the Settlement provides $4,062,500 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve

this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.____________.com.

53. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

54. The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages consultant. In developing the Plan of Allocation, Lead Plaintiffs' damages consultant calculated the estimated amount of artificial inflation in the per share prices of Liquid common stock that was proximately caused by Defendants' materially false and misleading statements and omissions. In calculating the estimated artificial inflation, Lead Plaintiffs' damages consultant considered price changes in Liquid common stock in reaction to public disclosures, which corrected Defendants' misrepresentations and omissions, adjusting those price changes for factors that were attributable to market or industry forces, and to other Liquid-specific information. The Plan of Allocation also takes into account the strengths and weaknesses of the claims and the risks of establishing liability throughout the Class Period.

55. In order to have recoverable damages under the federal securities laws, disclosure of an alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiffs allege that corrective information impacting the price of Liquid common stock (referred to as a "corrective disclosure") was released to the market on December 23, 2014 (post-market), August 17, 2015, and September 23, 2015. In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Liquid common stock must have been purchased during the Class Period and held through the issuance of at least one of the corrective disclosures.

56. A "Recognized Loss Amount" will be calculated as set forth below for each share of Liquid common stock purchased during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number (*i.e.*, a gain), that number shall be set to zero.

57. A claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts as calculated under the Plan.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS ON LIQUID COMMON STOCK**

58. Based on the foregoing, and for purposes of this Settlement only, Recognized Loss Amounts will be calculated as follows:

| **CLAIM AMOUNT** | | **SOLD** | | | |
|---|---|---|---|---|---|
| | | 7/26/13 – 12/23/14 | 12/24/14 – 8/16/15 | 8/17/15 – 9/23/15 | Sold on or retained beyond 9/24/15 |
| **PURCHASED** | 7/26/13 – 12/23/14 | $0/share | $0.49/share | $0.52/share | $0.53/share |
| | 12/24/14 – 8/16/15 | N/A | $0/share | $0.03/share | $0.04/share |

| | | | | | |
|---|---|---|---|---|---|
| | 8/17/15 – 9/23/15 | N/A | N/A | $0/share | $0.01/share |

- If the Recognized Loss is $0/share, this is because the share was not harmed in accordance with Lead Plaintiffs' theory of liability and, therefore, there are no recoverable damages.

This will not be the amount of your payment. After the deadline has passed for all Authorized Claimants to send in their Claim Forms, the amount of each Authorized Claimant's payment will be calculated. The payment you receive will be a proportion of the Net Settlement Fund equal to your Recognized Claim divided by the total Recognized Claims of all Authorized Claimants.

## ADDITIONAL PROVISIONS

59. Purchases and sales of Liquid common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Liquid common stock during the Class Period shall not be deemed a purchase of Liquid common stock for purposes of the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of such Liquid common stock unless (i) the donor or decedent purchased such Liquid common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Liquid common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

60. In the event that a claimant has multiple transactions during the Class Period, these shall be matched according to the First-In, First-Out ("FIFO") basis to arrive at the claimant's Recognized Claim, with the earliest sales or dispositions being matched against any holdings at the start of the Class Period, then in chronological order against any Class Period purchases. The date of covering a "short sale" is deemed to be the date of purchase of the share of Liquid common stock. The date of a "short sale" is deemed to be the date of sale of the respective share of Liquid common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchases used to cover "short sales" is zero. In the event that a claimant has an opening short

position in Liquid common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchases shall be matched against such short position on a FIFO basis and not be entitled to a recovery.

61. Option contracts to purchase or sell Liquid common stock are not securities eligible to participate in the Settlement. With respect to Liquid common stock purchased or sold through the exercise of an option, the purchase/sale date of the Liquid common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

62. An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's share of the Net Settlement Fund. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant entitled to receive a payment will receive an amount equal to the Authorized Claimant's Recognized Claim. If, however, the sum total of Recognized Claims of all Authorized Claimants is greater than the Net Settlement Fund, each Authorized Claimant shall receive the percentage of the Net Settlement Fund that his, her, or its Recognized Claim bears to the total Recognized Claims of all Authorized Claimants, *i.e.*, the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

63. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

64. Distributions to eligible Authorized Claimants will be made after claims have been processed. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Co-Lead Counsel shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute to Authorized Claimants. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit 501(c)(3) charitable organization serving the public interest designated by Lead Plaintiffs.

65. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Claimants. No person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, Lead Plaintiffs' damages consultant, Defendants, Defendants' Counsel, any of the other Released Plaintiff Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Co-Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and

all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

66. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any claimant. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

67. If you purchased Liquid common stock (ISIN: US53633A1016) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THE LETTER, YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased publicly traded Liquid common stock during the Class Period; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners, up to a maximum of $0.70, which includes postage at the pre-sort rate used by the Claims Administrator,

for Notices and Claim Forms actually mailed or $0.10 per beneficial owner name and address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Liquid Holdings Group, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
P.O. Box 230
Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

Dated: _______, 2019

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DE VITO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIQUID HOLDINGS GROUP, INC., BRIAN M. STORMS, KENNETH D. SHIFRIN, RICHARD SCHAEFFER, BRIAN FERDINAND, and SANDLER O'NEILL & PARTNERS, L.P.,<br><br>Defendants. | Civ. No. 15-6969 (KM) (JBC) |

**PROOF OF CLAIM AND RELEASE**

## A. GENERAL INSTRUCTIONS

1. To recover as a Settlement Class Member based on your claims in the action entitled *De Vito v. Liquid Holdings Group, Inc.*, *et al.*, Civ. No. 15-6969 (KM) (JBC) (the "Action"), you must complete and, on page ____ hereof, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3. **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.__________.COM NO LATER THAN ______________, 2020 OR, IF MAILED, POSTMARKED OR RECEIVED NO LATER THAN ______________, 2020, ADDRESSED AS FOLLOWS**:

*Liquid Holdings Group, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
P.O. Box 230

Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

If you are NOT a Settlement Class Member (as defined in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice"), which accompanies this Claim Form) DO NOT submit a Claim Form.

4. If you are a Settlement Class Member and you did not timely request exclusion in response to the Notice dated __________, 2019, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## B. CLAIMANT IDENTIFICATION

1. If you purchased shares of common stock of Liquid Holdings, Inc. ("Liquid" or the "Company") (i) in Liquid's initial public offering on July 26, 2013; and/or (ii) on the public market between July 26, 2013 and September 24, 2015, inclusive (the "Class Period") and held the stock in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased the shares of common stock of Liquid through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser of shares of common stock of Liquid that forms the basis of this claim, as well as the purchaser of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

3. All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C. IDENTIFICATION OF TRANSACTIONS

1. Use Part II of this form entitled "Schedule of Transactions in shares of Liquid Common Stock" to supply all required details of your transaction(s) in shares of Liquid common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to: (i) all of your holdings of shares of Liquid common stock as of the beginning of trading on July 26, 2013; (ii) all of your purchases and sales of shares of Liquid common stock which took place at any time beginning July 26, 2013 through and including September 24, 2015; and (iii) all of your holdings in shares of Liquid common stock as of the close of trading on September 24, 2015, whether such

purchases, sales or transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3. The date of covering a "short sale" is deemed to be the date of purchase of shares of Liquid common stock. The date of a "short sale" is deemed to be the date of sale of shares of Liquid common stock.

4. Copies of broker confirmations or other documentation of your transactions in shares of Liquid common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. The Parties do not have information about your transactions in shares of Liquid common stock.

5. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (866) 274-4004 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name | Last Name

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |

Joint Beneficial Owner's Name (*if applicable*)
First Name | Last Name

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City

State/Province

Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s) ☐ Corporation ☐ UGMA Custodian ☐ IRA

☐ Partnership ☐ Estate ☐ Trust ☐ Other (describe:____________________)

**PART II – SCHEDULE OF TRANSACTIONS IN SHARES OF LIQUID COMMON STOCK**

| | |
|---|---|
| **1. SHARES AS OF JULY 26, 2013.** State the total number of shares of Liquid common stock held as of the opening of trading on July 26, 2013. (Must be documented.) If none, write "zero" or "0." ____________________ | Confirm Proof of Position Enclosed ○ |

**2. PURCHASES FROM JULY 26, 2013 THROUGH SEPTEMBER 24, 2015.** Separately list each and every purchase of shares of Liquid common stock from after the opening of trading on July 26, 2013 through and including the close of trading on September 24, 2015. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| | |
|---|---|
| **3. SALES FROM JULY 26, 2013 THROUGH SEPTEMBER 24, 2015.** Separately list each and every sale/disposition of Liquid common stock from after the opening of trading on July 26, 2013 through and including the close of trading on September 24, 2015. (Must be documented.) | **IF NONE, CHECK HERE** ○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| | |
|---|---|
| **5. HOLDINGS AS OF SEPTEMBER 24, 2015.** State the total number of shares of Liquid common stock held as of the close of trading on September 24, 2015. (Must be documented.) If none, write "zero" or "0." ________________ | Confirm Proof of Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST CHECK THIS BOX ☐ AND INCLUDE A SEPARATE PAGE OF TRANSACTIONS LISTING THE EXACT SAME INFORMATION AS INDICATED IN SECTIONS 2 AND 4 LISTED ABOVE.**

**IF YOU DO NOT CHECK THE BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED. INCLUDE THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER/TAXPAYER IDENTIFICATION NUMBER ON EACH PAGE**

**YOU MUST READ AND SIGN THE RELEASE ON THIS PAGE. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## D. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated October 29, 2019 (the "Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in the Action covering the same purchases or sales of shares of Liquid common stock during the Class Period and know of no other person having done so on my (our) behalf.

## E. RELEASE AND ACKNOWLEDGEMENT

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendant Parties, both as defined in the accompanying Notice. This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

2. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

3. I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in shares of Liquid common stock which are the subject of this claim, as well as the opening and closing positions in such common stock held by me (us) on the dates requested in this Claim Form.

4. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this ______ day of __________________, in ________________, __________________.
(Month / Year) (City) (State/Country)

______________________________
Signature of Claimant

______________________________
Signature of Joint Claimant, if any

______________________________
Print Name of Claimant

______________________________
Print Name of Joint Claimant, if any

______________________________________________________________
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and acknowledgement.
2. If this claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your Claim Form and all supporting documentation for your records.
6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to:

   *Liquid Holdings, Inc. Securities Litigation*
   Claims Administrator
   c/o Strategic Claims Services
   600 N. Jackson St., Suite 205
   P.O. Box 230
   Media, PA 19063
   Tel: (866) 274-4004
   Fax: (610) 565-7985
   info@strategicclaims.net

8. **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DE VITO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIQUID HOLDINGS GROUP, INC., BRIAN M. STORMS, KENNETH D. SHIFRIN, RICHARD SCHAEFFER, BRIAN FERDINAND, and SANDLER O'NEILL & PARTNERS, L.P.,<br><br>Defendants. | Civ. No. 15-6969 (KM) (JBC) |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities that purchased shares of common stock of Liquid Holdings Group, Inc. ("Liquid") (i) in Liquid's initial public offering on July 26, 2013; and/or (ii) on the public market between July 26, 2013 and September 24, 2015, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey, that Michael Sanders and Sidney R. Berger ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Brian Storms, Kenneth D. Shifrin, and Brian Ferdinand ("collectively, "Defendants"), have reached a proposed settlement of the above-captioned action (the "Action") in the amount of $4,062,500 that, if approved, will resolve the Action in its entirety (the "Settlement").

A hearing will be held before the Honorable Kevin McNulty of the United District Court for the District of New Jersey, Martin Luther King, Jr. Federal Courthouse, Courtroom _____, 50 Walnut St., Newark, NJ 07102, at __:___ ___.m. on ____________ __, 2020 (the "Settlement

Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated October 29, 2019; (iii) approve the proposed Plan of Allocation for distribution of the Net Settlement Fund; and (iv) approve Co-Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by visiting the website dedicated to the Settlement, www.___________.com, or by contacting the Claims Administrator at:

*Liquid Holdings Group, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Co-Lead Counsel:

Nicholas I. Porritt
**LEVI & KORSINSKY, LLP**
1101 30th St. N.W., Suite 115
Washington, DC 20007
(202) 524-4290

Steven J. Toll
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. N.W.
Suite 500, East Tower
Washington, DC 20005
(202) 408-4600

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form to the Claims Administrator ***postmarked or received no later than ___________ __, 2020***. If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court in the Action, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received by the Claims Administrator no later than _____________ __, 2020.*** If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application must be filed with the Court and mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***filed and received no later than ____________ __, 2020***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: __________________, 2019

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DE VITO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIQUID HOLDINGS GROUP, INC., BRIAN M. STORMS, KENNETH D. SHIFRIN, RICHARD SCHAEFFER, BRIAN FERDINAND, and SANDLER O'NEILL & PARTNERS, L.P.,<br><br>Defendants. | Civ. No. 15-6969 (KM) (JBC) |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

WHEREAS:

A. As of October 29, 2019, Michael Sanders and Sidney R. Berger ("Lead Plaintiffs"), on behalf of themselves, and all other Settlement Class Members, on the one hand, and Brian Storms, Kenneth D. Shifrin, and Brian Ferdinand (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered ___________, 2019 (the "Preliminary Approval Order"), the Court scheduled a hearing for __________________, 2020, at ___:____ ___.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved

by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by __________________, 2020;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On ____________, 2020, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on _______________, 2020, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiffs' motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on October 29, 2019; and (ii) the Notice, which was filed with the Court on __________, 2019. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased the common stock of Liquid Holdings Group, Inc. ("Liquid" or the "Company") (i) in Liquid's initial public offering on July 26, 2013; and/or (ii) on the public market between July 26, 2013 and September 24, 2015, inclusive, and who were damaged thereby. Excluded from the Settlement Class are: (i) the Released Defendant Parties; (ii) the officers and directors of the Company, at all relevant times; (iii) members of their immediate families; and (iv) their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who have timely and validly sought exclusion from the Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

4. Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Michael Sanders and Sidney R. Berger as class representatives for the Settlement Class; and finally appoints the law firms of Levi & Korsinsky, LLP and Cohen Milstein Sellers & Toll PLLC as class counsel for the Settlement Class.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Co-Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. [There have been no objections to the Settlement.]

7. In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Lead Plaintiffs and the Settlement Class. This

Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, the Settlement Class, and Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Corrected Third Amended Class Action Complaint for Violation of the Federal Securities Laws, filed on May 11, 2018, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

11. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or

maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs, or any other Settlement Class

Member as evidence of any infirmity in the claims of Lead Plaintiffs, or the other Settlement Class Members;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiffs, any other Settlement Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiffs, other Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendants, Lead Plaintiffs, or any other Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any other Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided

by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

18. A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this _______ day of _____________, 2020

BY THE COURT:

__________________________________
THE HONORABLE KEVEN MCNULTY
UNITED STATES DISTRICT JUDGE