# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DE VITO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIQUID HOLDINGS GROUP, INC., BRIAN M. STORMS, KENNETH D. SHIFRIN, RICHARD SCHAEFFER, BRAIN FERDINAND, and SANDLER O'NEILL & PARTNERS, L.P.,<br><br>Defendants. | Civ. No.: 15-6969 (KM) (JBC) |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

WHEREAS, this matter came on for hearing on January 10, 2020 (the "Settlement Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses, including the Lead Plaintiffs' requests for awards pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that Notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a Summary Notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

**NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement filed with the Court on October 29, 2019 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Co-Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of litigation expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been no objections to Co-Lead Counsel's request for attorneys' fees or litigation expenses, or the Lead Plaintiffs' requests for an incentive award pursuant to the PSLRA.

5. Co-Lead Counsel are hereby awarded attorneys' fees in the amount of one-third of the Settlement Fund and $62,635.99 in payment of Co-Lead Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Co-Lead Counsel in a manner which

they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $4,062,500 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Co-Lead Counsel;

(b) More than 8,300 copies of the Notice have been mailed to potential members of the Settlement Class and there have been no objections to the fee or expense request;

(c) The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiffs, investors that oversaw the prosecution and resolution of the Action;

(d) Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised several complex issues and had been litigated for more than four years, and continued litigation would have been extensive and lengthy;

(f) Had Co-Lead Counsel not achieved the Settlement, there was a significant risk that Lead Plaintiffs and the other Settlement Class Members may have recovered less or nothing from Defendants, and Co-Lead Counsel would have received no fees;

(g) Co-Lead Counsel devoted more than 2,450 hours, with a lodestar value of $1,488,328.75, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded, and litigation expenses to be paid, from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7. Lead Plaintiff Michael Sanders is hereby awarded $1,950 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

8. Lead Plaintiff Sidney R. Berger is hereby awarded $5,000 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

9. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

[Intentionally left blank]

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this _____ day of _____, 2020

BY THE COURT:

_____
THE HONORABLE KEVIN MCNULTY
UNITED STATES DISTRICT JUDGE