**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DE VITO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIQUID HOLDINGS GROUP, INC., BRIAN M. STORMS, KENNETH D. SHIFRIN, RICHARD SCHAEFFER, BRAIN FERDINAND, and SANDLER O'NEILL & PARTNERS, L.P.,<br><br>Defendants. | Civ. No.: 15-6969 (KM) (JBC) |

**[~~PROPOSED~~] ORDER APPROVING PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

WHEREAS, this matter came on for hearing on January 10, 2020 (the "Settlement Hearing") on Lead Plaintiffs' motion to determine whether the proposed plan of allocation of the Net Settlement Fund (the "Plan of Allocation") created by the Settlement achieved in the above-captioned class action (the "Action") should be approved. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *PR Newswire* pursuant to the

specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation,

**NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement filed with the Court on October 29, 2019 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. Copies of the Notice, which included the Plan of Allocation, were mailed to over 8,300 potential Settlement Class Members and nominees. No objections to the Plan of Allocation have been received.

5. The Court hereby finds and concludes that the formulas and provisions for the calculation of the claims of claimants as set forth in the Plan of Allocation mailed to Settlement Class Members provides a fair and reasonable basis upon which

to allocate the proceeds of the Net Settlement Fund among eligible Settlement Class Members with due consideration having been given to administrative convenience and necessity.

6. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class.

7. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this 10th day of January, 2020

BY THE COURT:

Kevin McNulty

THE HONORABLE KEVIN MCNULTY
UNITED STATES DISTRICT JUDGE