Eduard Korsinsky
LEVI & KORSINSKY, LLP
55 Broadway 10th Floor
New York, NY 10006
Telephone: 212-363-7500
Facsimile: 212-363-7171

*Counsel for Lead Plaintiffs
and Lead Counsel for the Class*

[Additional counsel on signature block]

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DE VITO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>LIQUID HOLDINGS GROUP, INC., BRIAN M. STORMS, KENNETH D. SHIFRIN, RICHARD SCHAEFFER, BRIAN FERDINAND, and SANDLER O'NEILL & PARTNERS, L.P.B,<br><br>                    Defendants. | Case No.:  2:15-cv-06969-KM-JBC<br><br>Hon. Kevin McNulty<br><br>Hon. Magistrate Judge James B. Clark<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND** |

Lead Plaintiffs Michael Sanders and Sidney R. Berger ("Plaintiffs") submit this memorandum of law in support of Plaintiffs' motion:

## I. PRELIMINARY STATEMENT

Plaintiffs, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, respectfully submit this memorandum of law in support of their motion for entry of the [Proposed] Order Granting Motion for Distribution of Net Settlement Fund (the "Distribution Order") in the above-captioned action (the "Action"). The proposed plan is set forth in the accompanying Declaration of Sarah Evans Concerning the Results of the Claims Administration Process dated October 13, 2020 ("Evans Declaration" or "Evans Decl."), submitted on behalf of the Court-approved Claims Administrator, Strategic Claims Services ("SCS").[1]

## II. CLAIMS ADMINISTRATION

As a result of the notice program detailed in the accompanying Evans Declaration, as of October 12, 2020, the Claims Administrator has received 4,953 Proofs of Claim. Evans Decl. ¶8 & n.1. The Claims Administrator received and reviewed all submitted claims and, to the extent that a claim was deficient in any regard, notified the Claimant of the deficiency and advised the Claimant as to the possible ways to cure the deficiency. Evans Decl. ¶9. A sample deficiency notice is attached as Exhibit C to the Evans Declaration.

SCS has determined that 313 claims are eligible in whole or in part (the "Properly Documented Claims"), of which 14 were postmarked or received after the March 14, 2020 claim postmark deadline established by the Court. Evans Decl. ¶9(a).

---

[1] Unless indicated herein, all terms with initial capitalization shall have the meanings ascribed to them in the Stipulation of Settlement dated October 29, 2019 (the "Stipulation," ECF No. 267).

1

SCS has concluded the total Recognized Losses for all Properly Documented Claims calculated in accordance with the Court-approved Plan of Allocation is $2,311,106.43. Evans Decl. ¶9(a).

The Claims Administrator has also recommended rejecting 4,641 claims because they were inadequately documented or otherwise ineligible, as summarized in Exhibits D and E to the Evans Declaration. A sample ineligibility notice is attached as Exhibit F to the Evans Declaration. Evans Decl. ¶¶9(b)-(c).

It is respectfully requested that the Court approve the Claims Administrator's recommendations accepting and rejecting claims as set forth above.

### III. DISTRIBUTION OF NET SETTLEMENT FUND

Co-Lead Counsel requests that the Court enter an order directing and authorizing the Claims Administrator to distribute the Net Settlement Fund to Authorized Claimants as set forth on Exhibits B-1 and B-2 to the Evans Declaration, in proportion to their Recognized Claims as shown therein, in accordance with the determinations, guidelines, and methodology for approving claims, calculating Recognized Losses, and determining applicable *pro rata* shares set forth in the Evans Declaration, which are consistent with the Court's prior orders and the terms of the Stipulation. Evans Decl. ¶11.

If there is any balance remaining in the Net Settlement Fund after six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), it shall be reallocated, after payment of unpaid Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, among the Authorized Claimants who have cashed their distribution checks in an equitable and economic fashion and would receive $10.00 or more from such distribution. *Id.*; *see also* Stipulation at ¶64. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and

Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit 501(c)(3) charitable organization serving the public interest designated by Lead Plaintiffs. *Id.*

### IV.   CONCLUSION

Co-Lead Counsel respectfully request that this Court enter an order, substantially in the form attached hereto:

1. approving the administrative determinations of the Claims Administrator as to the acceptance and rejection of submitted claims;

2. ordering that no claims received after August 26, 2020 or responses to deficiency and/or rejection notices received after October 12, 2020 will be accepted unless, after distribution pursuant to the Distribution Order and before any contribution of the residual funds to charity, sufficient funds remain to warrant the processing of the claims;

3. authorizing the distribution of the Net Settlement Fund to Authorized Claimants, in accordance with the Plan of Allocation;

4. authorizing the distribution, after six (6) months from the initial date of distribution of the Net Settlement Fund, of any unclaimed, residual balance in the Net Settlement Fund, after payment of unpaid Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, to Authorized Claimants who have cashed their distribution checks in an equitable and economic fashion and would receive $10.00 or more from such distribution;

5. authorizing that thereafter, once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-

    for-profit 501(c)(3) charitable organization serving the public interest designated by Lead Plaintiffs;

6. ordering that all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund beyond the amounts allocated to them pursuant to this Court's order;

7. ordering that no person shall have any claim against the Net Settlement Fund, Plaintiffs, Co-Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Co-Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with the Stipulation, the Plan of Allocation, or the orders of this Court, beyond the amount allocated to Authorized Claimants;

8. authorizing the destruction of paper and electronic copies of Proofs of Claim and supporting documentation after a date certain; and

9. granting such other and further relief as this Court deems appropriate.

DATED: October 30, 2020           Respectfully submitted,

By:    /s/ Eduard Korsinsky
Eduard Korsinsky
Adam M. Apton
LEVI & KORSINSKY, LLP
55 Broadway 10th Floor
New York, NY 10006
Telephone: 212-363-7500
Facsimile: 212-363-7171

-and-

COHEN MILSTEIN SELLERS & TOLL PLLC
Steven J. Toll
S. Douglas Bunch
1100 New York Avenue N.W.

Suite 500, East Tower
Washington, DC 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699

*Attorneys for Lead Plaintiffs
and Lead Counsel for the Class*